## Crowe Petition

*Archibald M. Matthews,* for applicant.

LANSBERRY, P. J., February 21, 1951.—William T. Crowe, a merchant in Berlin Borough, Somerset County, trading and doing business under the name of Crowe's Super Market, petitioned this court for a license to peddle meats, groceries, produce and notions within the County of Somerset under the authority of the Act of April 2, 1830, P. L. 147, 60 PS §1. In accordance with that act, he has attached to his petition a bond with sureties in the sum of $300 and has submitted to the court a certificate of his good character. Petitioner is well known to the court, and there is no question of his good character nor is there any question as to the sufficiency of his bond and the sureties thereon, both of whom are known to the court.

We cannot, however, grant the prayer of the petition and issue the license. The history of our acts of assembly regulating hawkers and peddlers begins with the Act of 1779, which, however, was limited to continue for the duration of the war then in progress. The next act was approved March 30, 1784, which in substance provided for the issuance of license to hawkers and peddlers and regulated their activities: Acts of 1781-1790, 2 Sm. L. 99.

On March 28, 1799, a supplement to the Act of 1784 was passed further regulating the activities of hawkers and peddlers and the circumstances in which the license may be granted by the courts of quarter sessions of the several counties. The act specifically provides "that from and after the passing of this Act, no person shall be licensed as a hawker, pedlar, or petty chapman, within this state, but such only who is a citizen of the United States, and who, from age, loss of limb, or other bodily infirmity, shall be disabled from procuring a livelihood by labour, which disability shall be proven by certificate or certificates from one or more physicians of respectable character": Acts of 1791-1802, 3 Sm. L. 359.

The next act regulating hawkers and peddlers was approved April 2, 1830, P. L. 147, 60 PS §1, and specifically provided that license to an applicant shall be granted to those applicants "who shall bring himself within the provisions of the Act passed the 30th day of March 1784, entitled 'An act for regulating of hawkers and pedlars', and the supplement thereto passed the 28th day of March 1799". It is upon the authority of this Act of 1830 as supplemented that the applicant has presented his petition. For the reason that the applicant is not shown to be disabled from procuring a livelihood by labor or from a disability such as loss of limb or bodily infirmity, or because of his age, and therefore unable to earn his livelihood otherwise, he has not shown himself to be within the provisions of the act under which he seeks the license to hawk and peddle.

The same limitation imposed on the court in the granting of the license such as requested here is contained in and reënacted in the Act of April 16, 1840, P. L. 433, 60 PS §41, and is binding upon the court. Obviously also that act will not support this petition.

Accordingly, the following

*Order*

Now, February 21, 1951, the prayer of petitioner is refused at the cost of petitioner.